UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
NEW HAVEN DIVISION

| | | |
|---|---|---|
| In re: | : | Case No.: 15-21416 (AMN) |
|     THORNTON & CO., INC., | : | Chapter 7 |
|         *Debtor* | : | |
| | : | |
|     BONNIE C. MANGAN, Chapter 7 | : | |
|     Trustee for THORNTON & CO., INC., | : | AP No.: 17-02058 (AMN) |
|         *Plaintiff* | : | |
| v. | : | |
|     BMW BANK OF | : | |
|     NORTH AMERICA, INC. and | : | |
|     JOHN PAUL THORNTON, JR., | : | |
|         *Defendants* | : | Re: AP-ECF No. 6 |

RULING AND MEMORANDUM OF DECISION
<u>GRANTING DEFENDANTS' MOTION TO DISMISS COMPLAINT</u>

Before the court is a motion by BMW Bank of North America, Inc. ("BMW Bank") to dismiss the complaint brought by Bonnie C. Mangan, Chapter 7 Trustee for Thornton & Co., Inc. (the "Trustee"), because it fails to state a claim on which relief can be granted, pursuant to Fed. R. Civ. P. 12(b)(6) and Fed. R. Bankr. P 7012.  AP-ECF No. 6.[1]  For the reasons that follow, the motion is granted.

### I.    PROCEDURAL AND FACTUAL BACKGROUND

On August 10, 2015, Thornton & Co., Inc. (the "Debtor") filed a voluntary chapter 11 case in this District.  ECF No. 1.  On December 20, 2015, the court converted this case from one under chapter 11, to a case under chapter 7 and shortly thereafter the Trustee was appointed.  ECF Nos. 213, 337.

---

[1] Citations to the docket in Case No. 15-21416 are noted by "ECF No." Citations to the docket of Adversary proceeding No. 17-02058, are noted by "AP-ECF No."

On August 10, 2017, the Trustee filed a four count complaint against BMW Bank alleging that Paul Thornton, an equity holder of the Debtor, personally entered into a financing agreement with BMW Bank to purchase a Model year 2006 BMW sedan. AP-ECF No. 1. The complaint further alleged the Debtor made payments on behalf of Paul Thornton, and that such payments constituted: fraudulent transfers under 11 U.S.C. § 548(a)(1)(A) (count one); constructive fraudulent transfers under §§ 548(a)(1)(B) and 551 (count two); intentional fraudulent transfers under §§ 544(b)(1), 550(a) and 551, and Conn Gen Stat. §§ 52-552e(a)(1) and 52-552h(a) (count three); and, constructive fraudulent transfers under Conn. Gen. Stat §§ 52-552e(a)(2) and 52-552f(a) (count four). The Trustee alleged the loan payments were recoverable by the Trustee for the benefit of the Debtor's estate.[2] AP-ECF No. 1.

On September 14, 2017, BMW Bank moved to dismiss the adversary proceeding. AP-ECF No. 6. BMW Bank's brief in support of its motion asserted the Trustee's complaint was flawed because although the Trustee alleged the payments made by the Debtor were for the benefit of Paul Thornton, in fact, the Debtor was a party to the original financing agreement in addition to Paul Thornton. AP-ECF No. 7. BMW Bank's motion to dismiss included a copy of the financing agreement naming both Paul Thornton and the Debtor as "Buyers," although no affidavit authenticating the document was filed. AP-ECF No. 6.

On October 5, 2017, the Trustee, with the consent of BMW Bank, moved to extend the time to respond to BMW Bank's motion to dismiss, until October 20, 2017. AP-ECF No. 16. On October 6, 2017, before the court could act, the Trustee withdrew

---

[2] Unless otherwise noted, all statutory citations refer to the Bankruptcy Code, Title 11 of the United States Code.

her motion to extend time to respond to BMW Bank's motion to dismiss. AP-ECF No. 17. Since October 6, 2017, the Trustee has not filed any response to BMW bank's motion to dismiss.

In the absence of a responsive pleading within twenty-one days of the filing, the court will consider BMW Bank's motion to dismiss, in the absence of a timely response, or any response, by the Trustee.[3]  *See* D. Conn. L. Civ. R. 7(a)(2).

## II. APPLICABLE LAW

The standards governing pleading requirements in the federal district court are applicable to pleadings in adversary proceedings in bankruptcy court, as the Federal Rules of Bankruptcy Procedure incorporate the Federal Rules of Civil Procedure. *See* Fed. R. Bankr. P. 7008, 7012. As to the legal sufficiency of a complaint, to survive a motion to dismiss, a complaint requires "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (*quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957)) (*citing* Fed. R. Civ. P. 8(a)). As to the factual sufficiency of a complaint, to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Elias v. Rolling Stone LLC*, 2017 U.S. App. LEXIS 18686, at *13 (2d Cir. Sept. 22, 2017) (*quoting Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

---

[3]  The court also notes that on October 5, 2017, the Trustee filed a Motion to Extend Time to Respond to BMW Bank's motion to dismiss. AP-ECF No. 16. However, on October 6, 2017, the Trustee affirmatively withdrew her Motion to Extend Time to Respond. AP-ECF No. 17. The court infers from the affirmative withdrawal of the Motion to Extend Time, and in the absence of any other response, the Trustee does not intend to defend against BMW Bank's motion to dismiss.

The Trustee's complaint alleges, in all four counts, forms of fraudulent transfers by the Debtor, for the benefit of Paul Thornton.  ECF No. 1.  Federal Rule of Bankruptcy Procedure 7009, which incorporates Federal Rule of Civil Procedure 9, places a heightened pleading requirement with respect to allegations of fraud.  The rule "requires a pleading, when alleging fraud, to 'state with particularity the circumstances constituting fraud.'  Fraudulent intent may be alleged generally, but the plaintiff is required to plead sufficient facts to support a strong inference of fraudulent intent." *In re Collins*, 540 B.R. 54, 59 (E.D.N.Y. Bankr. 2015).

### III.     DISCUSSION

BMW Bank asserts "[t]he entirety of [the Trustee's] complaint" is based on the "flawed premise" that "the Debtor paid . . . Paul Thornton's obligations" under the financing agreement.  ECF No. 6.  BMW Bank attached a copy of the financing agreement to its motion to dismiss.  The contract clearly lists the Debtor as a "BUYER." ECF No. 6, p.5.

Though courts have "taken a more liberal view" of pleading requirements in cases brought by trustees, as the "trustee is an outsider to the transaction who must plead fraud from second-hand knowledge," the Trustee's complaint suffers a factual deficiency, and is flawed on its face.  *In re Drier LLP*, 452 B.R. 391, 408 (S.D.N.Y. Bankr. 2011) (*quoting Nisselson v. Softbank AM Corp. (In re MarketXT Holdings Corp.),* 361 B.R. 369, 395 (S.D.N.Y Bankr. 2007)).  By its plain terms, the Debtor was a party to the financing agreement, along with Paul Thornton.  As a named buyer under the agreement, the Debtor was obligated to make payments under the agreement, and as a

named party, "it is presumed the transfers were made 'for value.'" *In re Trinsum Group, Inc.*, 460 B.R. 379, 388 (Bankr. S.D.N.Y. 2011) (*quoting* 11 U.S.C. § 548(d)(2)(A)).

**NOW THEREFORE,** it is hereby

**ORDERED**, that Defendants' motion to dismiss, AP-ECF No. 6 is GRANTED as to all counts of the complaint.  *See* Fed. R. Bankr. P. 7012; Fed. R. Civ. P. 12(b)(6).

Dated on November 14, 2017, at New Haven, Connecticut.



Ann M. Nevins
United States Bankruptcy Judge
District of Connecticut